# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| § | **CASE NUMBER 6:19-CR-00002-JDK-JDL** |
| **v.** § | |
| § | |
| § | |
| **KAMERON LAINE WALLER,** § | |
| § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 26, 2021, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Kameron Laine Waller. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by John Brandt Thorson.

Defendant originally pled guilty to the offenses of Possession of Stolen Mail, a Class D felony, and Destruction of Letter Boxes or Mail, a Class E felony. Possession of Stole Mail carried a statutory maximum imprisonment term of 5 years. Destruction of Letter Boxes or Mail carried a statutory maximum imprisonment term of 3 years. The guideline imprisonment range based on total offense level of 12 and criminal history category of I, was 10 to 16 months. On June 9, 2020, District Judge Jeremy D. Kernodle sentenced Defendant to time served and 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, no new credit, drug abuse treatment, mental health treatment, and obtaining a GED. On June 10, 2020, Defendant completed the term of imprisonment and began service of the supervision term. On February 11, 2021, the court modified the conditions of release to include alcohol abstinence.

The government alleges that Defendant violated his conditions of supervised release by: (1) committing a crime, specifically the offenses of Possession of Marijuana and Possession of a Substance in Penalty Group 3; (2) traveling out of district without permission; (3) interacting with a convicted felon without permission; (4) failing to notify his probation officer of contact with law enforcement; (5) possessing a firearm; and, (6) consuming alcohol.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing a firearm, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months.[1] U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegations 2, 4, 5, and 6 of the government's petition. In exchange, the government recommended a sentence of 12 months imprisonment with no supervised release to follow. Additionally, the government will abandon any remaining allegations. The Defendant agreed to an upward departure from the Grade B range of punishment to aid in resolving pending state charges and to avoid additional supervised release upon release from imprisonment.

---

[1] Though Allegation 5 is a Grade B violation, the remainder of the government's Allegations are Grade C violations. Pursuant to U.S.S.G. § 7B1.1(b), where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case, that is the Grade B violation for possession of a firearm. Considering Defendant's criminal history category of I, the Guideline imprisonment range is 4 to 10 months.

The Court therefore **RECOMMENDS** that Defendant Kameron Laine Waller's plea of true be accepted and he be sentenced to 12 months imprisonment with no supervised release to follow. The Court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, if available. The Court also **RECOMMENDS** that Defendant receive substance abuse treatment and counseling, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 26th day of April, 2021.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE